CITIZENS ACTION COALITION OF INDIANA, INC., City of Terre Haute, Save the Valley, Inc., and Virgil and Sara Bowling, Appellants,

v.

PUBLIC SERVICE COMPANY OF INDIANA, INC., and Office of the Utility Consumer Counselor, Appellees.

No. 93S02–9111–EX–940.

Supreme Court of Indiana.

July 9, 1992.

---

## ON PETITION FOR REHEARING

### PER CURIAM.

The Petition of Appellee Public Service Company of Indiana, Inc., for Rehearing, its Petition for Oral Argument, and its Brief in Support and Appendix are now before the Court for consideration.

The Joint Brief of Appellants Citizens Action Coalition of Indiana, Inc., City of Terre Haute, Save the Valley, Inc., and Virgil and Sara Bowling in Opposition to Petition for Rehearing, their Verified Motion to Amend Joint Brief and corrected copy are likewise before the Court for consideration.

The Motion of Appellee for Leave to File Reply in Support of Rehearing, and Reply Brief, are also before the Court for consideration.

The Joint Response of Appellants to Petition of Appellee for Leave is also present.

The Court having examined the various pending motions, petitions and briefs of the parties, and being sufficiently advised in the premises does now find and order as follows:

1. The Petition for Oral Argument is denied.

2. The Motion to Amend Joint Brief is granted.

3. The Motion for Leave to File Reply Brief is granted.

4. Justices DeBRULER, DICKSON and KRAHULIK concur in denying the Petition for Rehearing. Chief Justice SHEPARD and Justice GIVAN dissent, and would grant rehearing. Therefore, the Petition for Rehearing is denied.

5. Chief Justice SHEPARD, Justices GIVAN, DICKSON, and KRAHULIK, recognizing that rehearing is denied, concur in amending the remand to provide that this cause is remanded to the Commission to determine rates after July 1, 1987, without including any charge to cost of service in lieu of tax expense attributable to the Tax Reform Act, and for any further orders necessitated thereby. In determining such rates, the Commission is not constrained from considering additional matters affecting rates which may have arisen after the issuance of the March 1986 order. Justice DeBRULER dissents from the amended Order and would hold that the original remand Order was sufficient to guide the Commission in its determination of rates effective after July 1, 1987.